UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

C VOGT,
    *Plaintiff*,

v.

DONALD JOHN TRUMP,
    *Defendant*.

No. 3:20-cv-1838 (JAM)

**ORDER TO SHOW CAUSE
WHY COMPLAINT SHOULD NOT BE DISMISSED**

Plaintiff C Vogt has filed a *pro se* and *in forma pauperis* complaint against President Trump alleging concerns about his potential use of the pardon power. Because it appears that the complaint does not allege facts that give rise to plausible grounds to conclude that there is federal jurisdiction, I am issuing this order to show cause for Vogt to file a response explaining why the complaint should not be dismissed.

### BACKGROUND

The two-paragraph complaint names only President Trump as a defendant. Doc. #1 at 1. The complaint alleges that the basis for federal jurisdiction is "the Presidential pardons requested for president, children & son-in-law, personal attorney, and such persons, are too broad in basis, no reason, and a blanket to cover federal crimes, including self." *Id*. at 3. The only allegations in the complaint are as follows:

> It is a complaint regarding President Donald John Trump from pardoning himself, his three children, Ivanka Trump, Donald John Trump Jr, and Eric Trump, son in law, Jared Kushner, and personal attorney, Rudolf Giuliani: there are no grounds to exempt the above said parties, except for avoiding federal persecution.
>
> As well, I question President Trump's mental, and psychological, status. Upon viewing the news reports on various networks, Trump has no conceptual ability of actually see what is going on in the world. Trump, to me, is acting as Adolf Hitler,

>during his days in power: the same actions—such as direct communication with the people ([H]itler's way is public speeches and radio, against Jewish and non-Jewish people), while Trump had public speeches at his rallies, dividing people in demonstrations against police, undocumented aliens, even hurricane damage in Puerto Rico.

Doc. #1-1 at 1. The complaint does not cite any particular provision of law to allow Vogt to proceed with a claim, and it does not state any specific relief sought.

## DISCUSSION

The Court has authority to review and dismiss a complaint if it is "frivolous or malicious," if it "fails to state a claim on which relief may be granted," or if it "seeks monetary relief against a defendant who is immune from such relief." *See* 28 U.S.C. § 1915(e)(2)(B). Similarly, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

If a plaintiff is a *pro se* litigant, the Court must afford the complaint a liberal construction and interpret it to raise the strongest grounds for relief that its allegations suggest. *See, e.g., Sykes v. Bank of America*, 723 F.3d 399, 403 (2d Cir. 2013). Still, even a *pro se* complaint may not survive dismissal if its factual allegations do not establish at least plausible grounds for the Court to exercise jurisdiction or to grant relief. *See, e.g., Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d Cir. 2015); *Lapaglia v. Transamerica Cas. Ins. Co.*, 155 F. Supp. 3d 153, 155 (D. Conn. 2016).

In the ordinary course, the Court will not dismiss a complaint *sua sponte* without affording the plaintiff a reasonable opportunity to respond to the concerns that would warrant dismissal. *See Abbas v. Dixon*, 480 F.3d 636, 639-40 (2d Cir. 2007). The purpose of this ruling is to state the Court's concerns so that Vogt may respond.

It is a very basic principle that federal courts are courts of limited jurisdiction. *See generally Gunn v. Minton*, 568 U.S. 251, 256 (2013). Article III of the Constitution limits the jurisdiction of the federal courts to "Cases" and "Controversies." U.S. Const. art. III, § 2, cl. 1. This case-or-controversy requirement means that a plaintiff must have "standing" to assert a claim—specifically, a plaintiff must show (1) an injury in fact, (2) a sufficient causal connection between the injury and the conduct complained of, and (3) a likelihood that the injury will be redressed by a favorable decision. *See Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 157-58 (2014); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).

An injury-in-fact must be "'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id.* at 158 (quoting *Lujan*, 504 U.S. at 560). It means a plaintiff must have more than a "generalized grievance," or "a general interest common to all members of the public." *Lance v. Coffman*, 549 U.S. 437, 440 (2007) (*per curiam*).

A closely related issue is the constitutional doctrine of ripeness, which is best viewed as "a specific application of the actual injury aspect of Article III standing." *National Org. for Marriage, Inc. v. Walsh*, 714 F.3d 682, 688 (2d Cir. 2013). Under this doctrine, a party's claim is not ripe if the claimed injury is "conjectural or hypothetical" rather than "imminent or actual." *Ibid.* "A claim is not ripe if it depends upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Id.* at 687 (internal quotations omitted). Absent such a claimed injury, "there simply is no present case or controversy sufficient to satisfy the strictures of Article III." *Id.* at 688 n.5.

Here, the complaint does not allege facts to show that Vogt has suffered a concrete and particularized injury from any alleged wrongdoing by President Trump. Although Vogt complains about President Trump's potential use of the pardon power, the complaint does not

allege that President Trump has granted pardons for any of the persons named in the complaint. Nor does it allege that Vogt would suffer any particularized injury if these pardons were granted. As for Vogt's allegations about President Trump's mental status, Vogt does not allege any resulting injury to Vogt. In short, the complaint does not allege sufficient facts to plausibly establish that Vogt has standing to maintain any claims against President Trump.

## CONCLUSION

For the reasons stated above, it appears that the complaint is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B) and Fed. R. Civ. P. 12(h)(3). The Court will allow Vogt an opportunity to file a response by **December 21, 2020** to explain why this action should not be dismissed. The Clerk of Court shall send this order to Vogt by mail and e-mail.

It is so ordered.

Dated at New Haven this 14th day of December 2020.

                                                /s/ *Jeffrey Alker Meyer*
                                                Jeffrey Alker Meyer
                                                United States District Judge